IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA L. LEWIS,                           No.  CIV.S-05-0124 DAD

      Plaintiff,

  v.                                         ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is reversed and this matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

      Plaintiff Rebecca L. Lewis applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of

1

the Social Security Act (the "Act"), respectively.  (Transcript ("Tr.") at 84-87.[1])  The Commissioner denied plaintiff's applications initially and on reconsideration.  (Tr. at 64-69, 328-33.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on June 9, 2003, at which time plaintiff was accompanied by a hearing representative from her attorney's law offices.  (Tr. at 22-63.)  In a decision issued on October 31, 2003, the ALJ determined that plaintiff was not disabled.  (Tr. at 13-21.) The ALJ entered the following findings in this regard:

> 1. The claimant met the disability insured status requirements of the Act on April 25, 2000, the date the claimant stated she became unable to work, and continues to meet them through the date of this decision.
>
> 2. The claimant has not engaged in substantial activity since April 25, 2000.
>
> 3. The medical evidence establishes that the claimant has status post multiple back surgeries, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 4. Claimant's allegations of pain averaging "10" on a scale of 0-10, daily pain and side effects from multiple medications and other symptoms are not credible since they are inconsistent with the extent of objective clinical findings and treatment, the opinions of her treating physicians and the State Agency examiners, the lack of corroboration

---

[1] The form application for Supplemental Security Income is not in the record.

|   |   |   |
|---|---|---|
| | | regarding the extent of medication usage and the extent of her activities of daily living. |
| | 5. | The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for the following restrictions: she has no limitations in sitting.  She can lift 10 pounds occasionally and less than 10 pounds frequently.  She can stand for 2 hours and walk for 2 hours and has no limitations in pushing and pulling.  She can occasionally work on ladders but no ropes or scaffolding.  She has some pain from a fusion in the solid portion of her spine and is capable of a full range of sedentary work (20 CFR 404.1545 and 416.945). |
| | 6. | The claimant is unable to perform past relevant work as an assembly line worker and fast food worker. |
| | 7. | The claimant's residual functional capacity for the full range of light work is reduced by the restrictions in finding number 5. |
| | 8. | The claimant is 39 years old, which is defined as a "Younger Individual" (20 CFR 404.1563 and 416.963). |
| | 9. | The claimant has a 9th grade education (20 CFR 404.1564 and 416.964). |
| | 10. | The claimant has no transferable skills. |
| | 11. | Based on an exertional capacity for sedentary and light work and the claimant's age, education, and work experience, section 404.1569 of Regulations No. 4 and section 416.969 of Regulations No. 16 and Rules 201.24 and 202.17, Tables No. 1 and 2, of Appendix 2, Subpart P, Regulations No.4 would direct a conclusion of "not disabled." |

3

>    12.  Although claimant's additional nonexertional restrictions do not allow her to perform the full range of light work, using the above cited rules as a framework for decisionmaking there are still a significant number of jobs she can perform as the vocational expert testified. These include: information clerk (DOT 237.376018), 15,000 jobs nationally; parking lot attendant (DOT 915.473-010), 13,000 jobs nationally and which allow for a sit/stand option; ticket taker (DOT 344.6670010), 5,000 and 97,000 jobs available.
>
>    13.  The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(t) and 416.920(t)).

(Tr. at 20-21.) The ALJ's decision became the final decision of the Administration when the Appeals Council, to which plaintiff submitted new evidence not presented to the ALJ, declined review on November 16, 2004. (Tr. at 5-8.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on January 20, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

5

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

In her summary judgment motion plaintiff argues that the Commissioner's decision should be reversed because: (1) the record reflects that she meets the listing of impairments; (2) she is unable to work at any level; (3) the ALJ erred in finding her testimony not credible; (4) the ALJ erred in posing an improper hypothetical question to the vocational expert; and (5) the Appeals Council erred in failing to reverse the ALJ's erroneous decision in light of her submission of new evidence to the Appeals Council which supported her contentions.  The court is persuaded by this last argument.  Because plaintiff submitted evidence to the Appeals Council that was new, material and related to the period on or before the date of the ALJ's hearing decision, the Appeals Council erred in finding that there was

6

no reason to review the ALJ's decision.  Accordingly, this matter must be reversed and remanded.[2]

In this regard, after the ALJ found plaintiff not disabled, plaintiff sought review from the Appeals Council and submitted new evidence, including a collection of reports from her own vocational expert, Rehabilitation Counselor George A. Meyers, B.S., C.D.M.S., (Tr. at 336-46) and a letter report from her therapist, Laura Frerking, M.F.C. (Tr. at 347).  The Appeals Council nonetheless denied plaintiff's request for review, explaining that it "found no reason under our rules to review the Administrative Law Judge's decision."  (Tr. at 5.)  With respect to the new evidence from plaintiff's vocational expert and therapist, the Appeals Council explained that it considered that evidence but "found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. at 5-6.)

With respect to the consideration of new evidence, 20 C.F.R. § 404.970(b) provides as follows:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It

---

[2] The record before this court includes the new evidence added to the administrative record by the Appeals Council.  The Ninth Circuit has held that courts must consider such evidence regardless of whether it was before the ALJ.  Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993); see also Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).

7

>     will then review the case if it finds that the
>     administrative law judge's action, findings, or
>     conclusion is contrary to the weight of the
>     evidence currently of record.

Where, as here, a claimant seeks review based on evidence not presented to the ALJ, the Appeals Council must provide such review when the submitted evidence is (1) new, (2) material and (3) relates to the period on or before the date of the ALJ's hearing decision. See Ramirez, 8 F.3d at 1452 (relying on 20 C.F.R. § 404.970(b)); Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir. 1991) (en banc).

In the instant case, the reports from plaintiff's vocational expert and therapist were new in that they had not been prepared at the time of the administrative hearing and had not been provided to the ALJ.

The reports also clearly relate to the period on or before the date of the ALJ's hearing decision. While the letter accompanying Mr. Meyer's report is dated October 11, 2004 (i.e., almost one year after the October 31, 2003, decision by the ALJ), that letter addresses solely the vocational rehabilitation process which plaintiff engaged in from February 4, 2002, through September 20, 2002 (i.e., a period before the date of the ALJ's decision). (Tr. at 336-38.) Indeed, attached to Mr. Meyers' letter are the various progress reports he prepared during the period of April through September of 2002. (Tr. at 339-46.) Likewise, although the letter report from therapist Laura Frerking is dated November 12,

2003 (twelve days after the ALJ's decision was issued), it clearly addresses plaintiff's therapy during the six months prior to the ALJ's decision. (Tr. at 347.) Thus, the reports in question relate to the period on or before the date of the ALJ's hearing decision as required for them to be considered by the Appeals Council. See C.F.R. § 404.970(b).

The only remaining issue, then, is whether the new evidence was material. The Appeals Council apparently concluded that the evidence was not material when it stated that the evidence provided no basis for changing the ALJ's decision. See Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984) (new evidence is material when there is a "reasonable possibility" that the evidence would have changed the outcome of the case). The court disagrees with that conclusion. There is a reasonable possibility that the ALJ would have granted plaintiff's applications had he been presented with Mr. Meyers' opinion. At the administrative hearing, the ALJ heard testimony from his own vocational expert, to whom he posed a hypothetical question designed to identify jobs someone like plaintiff could perfrom. (Tr. at 55-56.) In response, the vocational expert identified certain jobs and the ALJ directly relied on that response in finding plaintiff not disabled. (Tr. at 19, 55-56.) Counsel for plaintiff was obviously aware of plaintiff's rehabilitation work with Mr. Meyers and asked the vocational expert on cross-examination if he was familiar with Mr. Meyers. (Tr. at 60.) The vocational expert replied that he was and went so far as to testify that he found Mr. Meyers very credible. Specifically, the

1 ALJ's vocational expert testified that he found "Mr. Meyers among the
2 best rehabilitation counselors" and would have "absolutely" no reason
3 to doubt any opinion by Mr. Meyers that plaintiff is "vocationally
4 non-feasible." (Tr. at 60-61.) The vocational expert went on: "Mr.
5 Meyers is an excellent rehabilitation counselor, he's very well
6 known. He's known in this office as a vocational consultant. And he
7 is very well versed in the business." (Tr. at 61.) The vocational
8 expert also testified that there would be no jobs which plaintiff
9 could perform if the hypothetical posed by the ALJ had included an
10 additional limitation taking into account the number of work days
11 missed during the week by plaintiff due to medical appointments and
12 sick days, to which plaintiff testified. (Tr. at 48-50, 62.)
13 Notably, the report by Mr. Meyers which later was submitted to the
14 Appeals Council corroborates plaintiff's testimony in this regard.
15 The report documents plaintiff's numerous absences from her
16 vocational rehabilitation sessions due to pain, sickness, medical
17 appointments and migraines. (Tr. at 337.) Plaintiff missed 23.5
18 days during her 22 weeks of vocational training. (Id.)

19      Because the new evidence from Mr. Meyers undermines the
20 vocational expert testimony upon which the ALJ directly relied in
21 finding plaintiff not disabled, the court finds that had the new
22 evidence been considered there is a reasonable possibility that the
23 outcome of plaintiff's case would have been different. That evidence
24 is therefore material and the Appeals Council erred in its
25 determination to the contrary.
26 /////

The new evidence provided by plaintiff's therapist and given to the Appeals Council is also material.  The ALJ disposed of plaintiff's alleged mental impairment at step two of the sequential evaluation, finding in the administrative record only vague references to anxiety and prescriptions for anti-depressants.  (Tr. at 18.)  The new evidence from Ms. Frerking concerns six months of psychotherapy provided to plaintiff and reflects her opinion that plaintiff is unable to complete a workday.  (Tr. at 347.)  Had the ALJ seen this evidence it very likely would have led to a different outcome for plaintiff, especially since it is the only opinion in the record from a mental health professional.  Therefore, the Appeals Council erred in its determination that Ms. Frerking's report was not material.  Reversal is required for this reason as well.[3]

In light of these errors, the appropriate remedy must be determined.  The decision whether to remand a case for additional evidence or to simply award benefits is within the discretion of the court.  Ghokassian v. Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  In this regard, the Ninth Circuit has stated: "[g]enerally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been

---

[3] Plaintiff also submitted to the Appeals Council brief records reflecting prescriptions for methadone.  (Tr. at 348-50.)  However, since those records are unaccompanied by any other medical evidence, such as treatment notes from the prescribing physician or other clinical data showing why plaintiff was prescribed methadone, those records are not material.  Nonetheless, since this matter is to be remanded for the ALJ to consider the record as it currently stands, the ALJ is free to consider plaintiff's methadone prescriptions for what they are worth.

11

thoroughly developed." Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).  Since the evidence from plaintiff's vocational expert and therapist substantially impacts the character of the record as a whole, the court finds that it would be useful to provide the ALJ an opportunity to review all of the relevant evidence.  Indeed, in circumstances similar to these, the Ninth Circuit has held that the ALJ, rather that the court, is in the best position to assess the ultimate value of new evidence.  See Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000)("The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut and the VE then may answer questions with respect to the additional evidence.").  Accordingly, this matter will be reversed and remanded with directions that the ALJ reconsider the case in the light of the additional evidence.

        Finally, in light of this disposition it is unnecessary to reach plaintiff's additional arguments.  Once confronted with this new evidence, the ALJ necessarily will have to revisit his analysis beginning at step two of the sequential evaluation.  He will also have to re-assess plaintiff's credibility, the reports of Mr. Meyer and Ms. Frerking lending support to plaintiff's claims of excess pain.

**CONCLUSION**

        Accordingly, the court HEREBY ORDERS that:

        1.  Plaintiff's motion for summary judgment and/or remand is granted;

12

1          2.   Defendant's cross-motion for summary judgment is
2    denied; and
3          3.   The decision of the Commissioner is reversed and this
4    case is remanded for rehearing consistent with the analysis set forth
5    herein.  See 42 U.S.C. § 405(g), Sentence Four.
6    DATED: February 28, 2006.

                                  _____
                                  DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\lewis0124.order.v2

13